**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| CHRISTOPHER DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>PRUDENTIAL INSURANCE AGENCY LLC,<br><br>    Defendant. | Case No. 3:23-cv-605-DPJ-FKB<br><br>Removed from<br>Circuit Court of Holmes County,<br>Mississippi<br>Case No. 2023-0097 |

### NOTICE OF REMOVAL

Defendant The Prudential Insurance Company of America (incorrectly sued as Prudential Insurance Agency, LLC) ("Prudential"), by and through its attorneys, and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, files this Notice of Removal with respect to the above-captioned case, which was filed and currently is pending in the Circuit Court of Holmes County, State of Mississippi. In support of its Notice of Removal, Prudential states as follows:

### Background and Timeliness

1. On May 8, 2023, Plaintiff Christopher Davis ("Plaintiff") filed this lawsuit against Prudential in the Circuit Court of Holmes County, State of Mississippi. The lawsuit is recorded on the court's docket as Case No. 2023-0097.

2. There are no other parties named in Plaintiff's Complaint.

3. On August 22, 2023, Plaintiff caused Prudential to be served with the Complaint. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of "all summons, pleadings, and orders" served in the state court action, are attached hereto, as **Exhibit A**.

4. Because Prudential has filed this Notice of Removal within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

98356125v.1

**This Case is Removable Based Upon Federal Question Jurisdiction**

5.      The gravamen of Plaintiff's Complaint is that Prudential improperly terminated Plaintiff's claim for long-term disability ("LTD") benefits. (*See* Ex. A, Complaint, generally.)

6.      In his Complaint, Plaintiff states that he "entered in a contract for disability insurance with" Prudential, that he made a claim for "disability benefits under group policy number 70031," and that his claim for long-term disability benefits was then terminated "without valid reason and in bad faith of the insurance contract. (*See* Ex. A, Complaint ¶¶ 4 and 6.)

7.      Plaintiff brings claims for bad faith and breach of good faith duty, specific performance of insurance contract, unjust enrichment/constructive trust, breach of implied covenant, duty of good faith and fair dealing, negligence and/or gross negligence, and breach and of contract. (*See* Ex. A, Complaint, generally.)  He seeks contractual damages as well as pre- and post- judgment interest, the "imposition of a Constructive Trust on all premiums Plaintiff has paid to Prudential," "monetary damages to compensate the Plaintiff's [sic] for such monetary loss and emotional distress," punitive damages  (*Id*. at ¶¶ 19, 27, 31, 32. 42.)

8.      The LTD benefits Plaintiff seeks are provided pursuant to an employee benefit plan sponsored by Ivey Mechanical Company, LLC ("Ivey Mechanical"), and governed by the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1001, et seq. (the "plan"). Prudential insures the LTD benefits at issue pursuant to Group Contract No. G-70031-MS. A true and correct copy of the Group Contract is attached hereto, as **Exhibit B**, and a true and correct copy of the booklet-certificate describing the LTD benefits which Plaintiff seeks is attached hereto, as **Exhibit C**. The LTD benefits which Plaintiff seeks in his Complaint are offered by Ivey Mechanical to its employees as part of its ERISA-governed employee welfare benefits plan. (*See* Ex. C.)

98356125v.1

9. Because the plan was provided by Plaintiff's employer, it is governed by ERISA. *See* 29 U.S.C. § 1002(1) (defining an "'employee welfare benefit plan' [as] any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer… to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise… benefits in the event of … disability…").

10. Therefore, Plaintiff's lawsuit arises under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), a federal statute, and this Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441(a).

11. ERISA provides an exclusive federal cause of action for participants or beneficiaries in an ERISA plan who bring actions related to the recovery of benefits under employee benefit plans, including, but not limited to, Plaintiff's claims for bad faith and breach of good faith duty, specific performance of insurance contract, unjust enrichment/constructive trust, breach of implied covenant, duty of good faith and fair dealing, negligence and/or gross negligence, and breach and of contract, alleged in the Complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987); *Rush Prudential HMO Inc. v. Moran*, 536 U.S. 355 (2002); S*anford v. TIAA-CREF Individual & Institutional Servs., LLC*, No. 2:11-CV-122-KS-MTP, 2012 WL 627994, at *3 (S.D. Miss. Feb. 24, 2012) (finding that the plaintiff's state law claims for fraud, breach of the covenant of good faith and fair dealing, breach of contract, tortious breach of contract, bad faith, breach of fiduciary duty, negligence, and gross negligence were preempted by ERISA).

12. As ERISA provides the exclusive remedy for a claim of disability benefits, ERISA "completely preempts" any state law claim or remedy based on any wrongful

3

withholding of benefits promised under an employee benefit plan. *See, e.g.*, *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 220 (2004) (ERISA "completely preempts" any claim or remedy based on wrongful withholding of benefits, including claims with requirements beyond those for recovery under ERISA § 502(a), 29 U.S.C. § 1132(a).).

13.     Even if Plaintiff did not explicitly invoke ERISA in his Complaint, a claim filed in state court as to ERISA plan benefits is removable to federal court under 29 U.S.C. § 1441(a) as an action arising under federal law. *See, e.g.*, *Metropolitan Life Ins. Co.*, 481 U.S. at 66 ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) [29 U.S.C. § 1132(a)] removable to federal court."); *id.* at 65 ("All such actions in Federal or State courts are to be regarded as arising under the laws under the United States."); and *Rush Prudential HMO Inc. v. Moran*, 536 U.S. 355 (2002).

14.     Accordingly, because this cause of action seeks LTD benefits pursuant to an ERISA-governed employee welfare benefit plan, this action arises under federal law (more specifically, ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)). The Court thus has original jurisdiction of this action pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441(a).

15.     Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Thus, Plaintiff's lawsuit may be removed to this Court.

4

## Venue and Notice To The State Court

16.     Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 104(b)(1), this Court embraces the Circuit Court of Holmes County, State of Mississippi. Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

17.     Promptly upon the filing of this Notice of Removal, Prudential shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the Circuit Court of Holmes County, State of Mississippi, and will serve a copy thereof on Plaintiff through his counsel pursuant to 28 U.S.C. § 1446(d).

18.     Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331. Therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

19.     Should Plaintiff seek to remand this case to state court, Prudential respectfully requests that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Prudential respectfully requests that the Court retain jurisdiction and allow Prudential to file a motion asking this Court to certify any remand order for interlocutory review by the Fifth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

20.     Prudential has complied with all statutory requirements for removal.

WHEREFORE, Prudential submits that this action properly is removable based on federal question jurisdiction and respectfully requests that the above-described action pending against it be removed to the United States District Court for the Southern District of Mississippi,

98356125v.1

Northern Division. Prudential further requests all other relief, at law or in equity, to which it justly is entitled.

DATED: September 19, 2023.

Respectfully submitted,

By: */s/ Matt Quinlivan*

Matt Quinlivan (MSB: 103081)

Deutsch Kerrigan LLP
2510 14th Street, Suite 1001
Gulfport, Mississippi 39501
Telephone:  (228) 864-0161
Email:  matt@deutschkerrigan.com

Attorneys for Defendant
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

98356125v.1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

CHRISTOPHER DAVIS,

      Plaintiff,

    v.

PRUDENTIAL INSURANCE AGENCY LLC,

      Defendant.

Case No. _____

Removed from
Circuit Court of Holmes County,
Mississippi
Case No. 2023-0097

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that true and correct copies of Defendant's, The Prudential Insurance Company of America (incorrectly sued herein as "Prudential Insurance Agency, LLC"), NOTICE OF REMOVAL and CIVIL COVER SHEET were served upon all counsel of record on this 19th day of September 2023, via email and/or U.S. Mail, postage prepaid, addressed as follows:

> Charles Edwards, Esq.
> The Law Office of Marc Boutwell, PLLC
> P. O. Box 956
> Lexington, Mississippi  39095
> edwardcc@bellsouth.net

DATED: September 19, 2023.

Respectfully submitted,

BY:   s/ *Matt Quinlivan*
       Matt Quinlivan (MSB #103081)

Deutsch Kerrigan LLP
2510 14th Street, Suite 1001
Gulfport, Mississippi  39501
Telephone:  (228) 864-0161
Email:  matt@deutschkerrigan.com

Attorneys for Defendant
THE PRUDENTIAL INSURANCE
 COMPANY OF AMERICA

98356125v.1